# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

DEUTSCHE BANK NATIONAL TRUST
COMPANY,
     *Plaintiff*,

    v.

PAUL R. KOCH,
     *Defendant*.

No. 3:23-cv-1022 (JAM)

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND BARRING FURTHER REMOVAL OF STATE COURT EVICTION ACTION ABSENT ADVANCE APPROVAL OF THIS COURT

More than four years ago Deutsche Bank National Trust Company initiated eviction proceedings against Paul R. Koch in state court. Now for the third time Koch has removed the state court eviction action to this Court. I will grant the bank's motion to remand and also grant its motion to bar Koch or any related party from attempting to remove this eviction action again absent advance approval of this Court.

### BACKGROUND

This action is the latest chapter in long-running foreclosure and eviction proceedings involving Koch's home at 2 Radom Road in Old Greenwich, Connecticut. The story starts way back in May 2009 when the bank filed a foreclosure action in Connecticut Superior Court.[1] Years of state court litigation culminated in a foreclosure judgment in the bank's favor in July 2018.[2]

The bank then filed a state court summary process eviction action against Koch in August 2019.[3] Koch first removed the eviction action to this Court in September 2019.[4] Judge Bolden

---

[1] Doc. #9-1 at 12–27 (Exhibit A - docket sheet for state court foreclosure action).
[2] *Id.* at 26 (docket entry #343.00).
[3] *Id.* at 28–40 (Exhibit B – docket sheet for state court eviction action).
[4] *Id.* at 31 (docket entry #104.00); Doc. #1, *Deutsche Bank Nat'l Trust Co. v. Koch*, 19-cv-1408 (D. Conn.) (*Koch I*).

remanded the action to state court for lack of federal subject matter jurisdiction in November 2019.[5] He adopted the recommended ruling of Judge Garfinkel which explained at length

why there was neither federal question jurisdiction under 28 U.S.C. § 1331 nor federal diversity jurisdiction under 28 U.S.C. § 1332.[6]

After years more of protracted proceedings in the state court eviction action, Koch filed a second notice of removal of the state court eviction action in December 2022.[7] Judge Nagala remanded the action to state court for lack of federal subject matter jurisdiction in February 2023.[8] Judge Nagala explained why there was neither federal question jurisdiction under 28 U.S.C. § 1331 nor federal diversity jurisdiction under 28 U.S.C. § 1332.[9] Koch appealed, and the Second Circuit dismissed the appeal in July 2023 because Koch failed to file a required appeal form.[10]

Now Koch has removed the state court eviction action for a third time.[11] He alleges that he has removed this action "on multiple grounds including grounds of Diversity, Federal Question jurisdiction, constitutional violations, due process violations, EMAP violations, failure to comply with mandatory conditions precedent to a foreclosure action, Bankruptcy stay violations, Removal jurisdictional violations, acting without jurisdiction, Federal law violations, and unconstitutional State laws, statutes, and practices in the State of Connecticut."[12]

---

[5] *Koch I* Docs. #22, #25.
[6] *Id.* Doc. #10 (recommended ruling).
[7] Doc. #9-1 at 38 (docket entry #1668.00); Doc. #1, *Deutsche Bank Nat'l Trust Co. v. Koch*, 22-cv-1524 (D. Conn.) (*Koch II*).
[8] *See Koch II* Doc. #23.
[9] *Id.* Docs. #10, #23.
[10] *Id.* Doc. #26; *Deutsche Bank Nat'l Trust Co. v. Koch*, 23-425 (2d Cir.).
[11] Doc. #1.
[12] *Id.* at 1.

The bank has moved to remand and has further moved for an order barring Koch or any related party from filing future notices of removal of the state court eviction action absent express approval of this Court.[13]

DISCUSSION

I will first address the bank's motion to remand. Then I will address the bank's motion for an order to bar Koch from removing this action again.

**Motion to remand**

The general federal removal statute—28 U.S.C. § 1441—allows a state court defendant to remove an action to federal court if a federal court would have original subject matter jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The most common grounds for federal subject matter jurisdiction are so-called "federal question" jurisdiction under 28 U.S.C. § 1331 and "federal diversity jurisdiction" under 28 U.S.C. § 1332.

It is apparent that there is no federal question jurisdiction here. For removal cases, the Supreme Court has "long held that the presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998).[14] Under the well-pleaded complaint rule, the focus is on what claims the plaintiff alleges in the complaint, and the fact that a defendant may raise federal law defenses or counterclaims does not allow the defendant to remove the case to a federal court. *See, e.g.*, *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392–93 (1987).[15]

---

[13] Doc. #9.

[14] Unless otherwise indicated, this order omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

[15] There are narrow exceptions to the well-pleaded complaint rule including if a state law claim necessarily incorporates federal law, *see Bracey v. Bd. of Educ. of City of Bridgeport*, 368 F.3d 108, 115–16 (2d Cir. 2004), or if a state law claim is altogether and completely displaced or preempted by federal law, *see McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.*, 857 F.3d 141, 145 (2d Cir. 2017). These narrow exceptions are not implicated

3

Here, the bank's summary process eviction complaint relied solely on state law and did not raise any questions of federal law.[16] Although Koch complains that the bank, its lawyers, and various judges have violated his federal law rights during prior court proceedings, that is not enough under the well-pleaded complaint rule to show that there is federal question removal jurisdiction over the state court eviction action. *See Annemid RI LLC v. Griffin*, 2022 WL 3009773, at *2 (D. Conn. 2022) (finding no federal question jurisdiction over removal of state court summary process eviction complaint despite defendant's complaints that her federal law rights were violated).

Nor are there any plausible grounds for federal diversity jurisdiction. Although Koch and the bank are citizens of different States, Koch is a citizen of Connecticut, and under what is known as the "forum defendant" rule, a defendant who is a citizen of the State where a state court action is brought may not remove the action to federal court if the basis for removal is an assertion of federal diversity jurisdiction. *See* 28 U.S.C. § 1441(b)(2); *Annemid RI LLC*, 2022 WL 3009773, at *2.

Koch knows all this. He was told why there is no federal subject matter jurisdiction when his last two removal actions were remanded to state court.[17] If he disagreed with any of those reasons, his remedy was to properly appeal them, not to take a second or third bite at the apple by removing the state court action again.

Moreover, even if there were some plausible basis for federal subject matter jurisdiction, the federal removal statute requires a defendant to remove an action no later than 30 days after receipt of the state court complaint or—at the latest—within 30 days after the defendant first

here.

[16] Doc. #1 at 30–31 (summary process complaint).

[17] *Koch I* Docs. #10, #22, #25; *Koch II* Docs. #10, #23.

learns of grounds for federal jurisdiction that would allow for the case to be removed. *See Abbo-Bradley v. City of Niagara Falls*, 73 F.4th 143, 146 (2d Cir. 2023) (citing 28 U.S.C. §§ 1446(b)(1), 1446(b)(3)). "If a notice of removal is untimely, the case must be remanded to the state court." *Ibid.* (citing 28 U.S.C. § 1447).

As the bank points out in its motion to remand, Koch's asserted grounds for federal jurisdiction were known to him long before the 30-day period preceding his removal of this action. His removal of this action is untimely.

In short, I will grant the bank's motion to remand. There is no federal subject matter jurisdiction. Even if there were, the removal is untimely.

### Motion to bar Koch from removing action again

The bank moves for an order barring Koch from filing another notice of removal of the state court eviction action unless he seeks and receives permission from this Court to do so. "A district court may, in its discretion, impose sanctions against litigants who abuse the judicial process, including an injunction forbidding further litigation." *Nat'l Acad. of Television Arts & Scis., Inc. v. Goodman*, 2023 WL 3989876, at *2 (2d Cir. 2023). When a court is considering whether to restrict a litigant's right of access to federal court, it must consider the following factors:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Eliahu v. Jewish Agency for Isr.*, 919 F.3d 709, 714 (2d Cir. 2019).

As to the first factor, Koch has engaged in needlessly duplicative litigation by seeking to remove the state court action three times. He filed his second and third notices of removal despite having been told why there were no grounds for federal jurisdiction.

As to the second factor, Koch's motive is delay for the sake of delay. He has removed this action multiple times without any objective good faith expectation of prevailing. In light of the well-pleaded complaint rule and the forum-defendant rule, he had no objectively good faith grounds to assert federal question or federal diversity jurisdiction, especially for his second and third notices of removal. Nor for his second and third removals did he have objectively good faith grounds to believe that the removals were timely.

As to the third factor, Koch is not represented by counsel. He—rather than counsel—is responsible for his abusive litigation practices and properly bears the burden of sanctions. Even though a court should afford substantial leeway to *pro se* litigants because of their lack of legal learning, it is clear to me that Koch's litigation tactics are attributable to his desire to delay rather than to any innocent misunderstanding about what the law requires.

As to the fourth factor, Koch has needlessly disrupted ongoing state court proceedings. His multiple removals have sidetracked the state court eviction proceedings for many months during the time that it has taken Judge Bolden, Judge Nagala, and me to sort through the papers, evaluate the arguments, and enter orders of remand. As is readily apparent from a review of the federal court dockets in all three of the removal actions, Koch has time and again tried to stall each case as much as he can by filing multiple baseless motions for extensions of time, for a stay, and for reconsideration.[18] All this delay has come at considerable expense to the bank which is

---

[18] For example, in this case the bank filed its motion to remand more than six weeks ago on August 29, 2023. Doc. #9. I granted Koch additional time to respond to the motion to remand. Doc. #18. But rather than filing a timely response, he filed a frivolous motion for a writ to order the state court to furnish records and then filed two more motions for extension of time and a motion to stay all proceedings. Docs. #12, #22, #23, #25.

saddled with ongoing litigation and property costs so long as the state court eviction case remains pending. On top of all this, Koch has abjectly neglected the property with a grotesque accumulation of piles of junk that pose a fire hazard and endanger the safety and welfare of his community.[19]

As to the fifth factor, no other form of sanctions would be as effective to prevent Koch from delaying and disrupting the state court eviction proceedings again. Only by preventing Koch from abusing the right to remove a state court action can he be stopped from imposing months and months more of wasteful delay.

In short, all five factors weigh conclusively in favor of an order restricting Koch's right of access to federal court in the form of filing another notice to remove the state court eviction action. Accordingly, I will enter an order barring Koch or any other related party from filing another notice of removal for the state court eviction action unless they first file a motion on the docket of this case seeking leave to file a notice of removal and unless this Court enters an order allowing them to file a notice of removal.[20] If Koch or any related party chooses to file a notice of removal without first seeking and receiving permission from this Court to do so, then they may be subject to penalties for contempt of court.

Lastly, federal law provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). An order requiring the payment of such costs and fees is appropriate where there was no objectively reasonable basis for removal in the first instance. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

---

[19] Doc. #16 (describing hazardous and blighted conditions of the property).
[20] A "related" party is any party who is related to Koch or who aligns themselves with the interests of Koch or any defendant to the state court eviction proceedings.

Here, it is obvious that Koch had no objectively reasonable basis to remove this action. Accordingly, if the bank wishes to file a motion seeking an order to require Koch to pay its costs and fees associated with the litigation of its motion to remand in this action, the bank may file such a motion along with an itemization of its costs and fees within 21 days, and Koch shall have 21 days to file any objection or other response to such motion.

<h3 style="text-align:center">CONCLUSION</h3>

For the reasons stated above, the Court GRANTS the motion to remand (Doc. #9) and REMANDS this action back to the Connecticut Superior Court (Housing Division), Judicial District of Stamford/Norwalk. Notwithstanding the ordinary 10-day waiting period under D. Conn. L. Civ. R. 83.7, the Clerk of Court shall forthwith remand this action.

The Court GRANTS the motion to bar Koch and any related party from removing to federal court the state court eviction action for 2 Radom Road, Old Greenwich, Connecticut unless Koch or such related party first files a motion for leave to file a notice of removal on the docket of this federal court case (No. 3:23-cv-1022 (JAM)) and unless the Court grants the motion to allow the filing of a notice of removal. The Court advises that any effort to disobey or circumvent this order may be punishable as contempt of court.

It is so ordered.

Dated at New Haven this 16th day of October 2023.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge